CHARLES BEARDSLEE *et al.*, Appellants, *v.* GERHARD STEIN-
MESCH, Respondent.

1. *Evidence—Res gestæ—Agent.* — The statements of an agent, made at the
time and in relation to the business he is then transacting, form part of the
*res gestæ*, and are admissible in evidence against his principal.

2. *Evidence—Records.*—Upon an issue, upon a plea of accord and satisfaction,
alleging that the plaintiffs had accepted, in satisfaction of their demands,
goods and property which they had seized by virtue of an attachment
against the defendant, a mere variance in the names of the plaintiffs in the
two suits is immaterial, there being no question of any matter determined
in the particular suits.

*Appeal from St. Louis Circuit Court.*

*Krum & Decker*, for appellants.

*Cline & Jamieson*, for respondent.

HOLMES, Judge, delivered the opinion of the court.

This was a suit upon an account. The defendant plead-
ed in answer an accord and satisfaction. There was evi-
dence tending to show that the firm of Beardslee & Bro.
had attached the defendant's goods in two suits, claiming
an indebtedness due from him on a balance of account,
amounting to a given sum ; that the whole matter was set-
tled between them, the suits dismissed, and the property
attached delivered over to the attaching plaintiffs, and ac-
cepted and received by them in satisfaction of their demands,
and there was no evidence of any new indebtedness created
after that date. The testimony of the deputy sheriff, in re-
lation to the acts and statements of the agent of the plain-
tiffs, in the course of the transaction, were objected to as
hearsay. He stated to the witness that the plaintiffs had re-
ceived the goods in satisfaction of their debts. We think
the statements of the agent, made at the time in relation to
the business then transacting, may be considered as forming
a part of the *res gestæ*, and they were admissible evidence
against his principals. The authority of the agent to tran-
sact this busines was clearly shown. The instructions of

Beardslee et al. v. Steinmesch.

the court appear to have placed the substantial issue fairly before the jury, on all the evidence, and the jury have found that there was a settlement, and an accord and satisfaction of all the debts then claimed against the defendant. This was a matter for the jury to decide. We find no such error in the instructions as would warrant a disturbance of the verdict.

It was objected that the records of the suits in attachment were not admissible, on account of some difference in the names of the plaintiffs. We see nothing material in this objection. There was no question of the identity of any matter determined in the particular suits. They were offered in evidence merely to show the existence of such suits and demands against the defendant, and as an inducement to the settlement which was made. The variance was wholly immaterial.

It was further objected, that the bonds given in the attachment suits were not admissible evidence to prove the value of the goods attached. The value of the property attached and surrendered to the plaintiffs, in satisfaction of their demands, was not directly in issue, nor very material. In suits upon such bonds, they have been held to be evidence of the value of the property as admissions of the parties. They had a remote bearing only on the issue here, but they were acts of the same parties connected with the same transaction; and, so far as the evidence was relevant and pertinent to the subject of inquiry, we think it was properly enough admitted; or the error, if any, was immaterial. There was other evidence of the quantity and probable value of the goods, and the exact value was not in issue.

The receipts did not prove a settlement of all demands, but they were admissible for what they were worth as parts of the same transaction.

We have not discovered any substantial error to the prejudice of the plaintiffs. On the whole case, the verdict would seem to have been given for the right party. Judgment affirmed. Judge Wagner concurs; Judge Lovelace absent.